**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KAREN MCGRATH, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-11413-CJB-SS** |
| **CHESAPEAKE BAY DIVING, INC., ET AL.** | |

# ORDER

BRADFORD'S MOTION TO COMPEL SUBSEA (Rec. doc. 213)

    **GRANTED IN PART AND DENIED IN PART**

SECORP'S MOTION TO COMPEL ISS (Rec. doc. 218)

    **GRANTED IN PART**

ISS' MOTION FOR PROTECTIVE ORDER TO CONTINUE DEPOSITION (Rec. doc. 224)

    **GRANTED**

SECORP'S MOTION FOR SANCTIONS (Rec. doc. 244)

    **GRANTED IN PART AND DENIED IN PART**

REQUEST FOR AUTHORIZATION TO APPOINT ISS REPRESENTATIVE

    **GRANTED**

Before the undersigned are the following motions: (1) motion of the plaintiff, Brian Bradford ("Bradford"), to compel the defendant, International SubSea, Inc. ("ISS"), to respond to written discovery and for sanctions; (2) motion of the defendants, Secorp Industries ("Secorp") and Entect Enterprises, Inc. ("Entect"), for an order requiring ISS to respond to written discovery; (3) motion of ISS for protective order to continue its deposition for at least two weeks; and (4) Secorp/Entech

motion for sanctions for failure to appear at corporate deposition. Also pending is the request by counsel for ISS to present a non-ISS employee as the corporate representative.

1. Bradford's motion to compel ISS.

On March 26, 2009, Bradford filed a motion to compel ISS to respond to interrogatory no. 3 and request for production no. 11 which were served on July 31, 2008. Bradford also requests sanctions. The motion was set for consideration on April 15, 2009. Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing of the motion. No memorandum in opposition to Bradford's motion to compel discovery was submitted. His motion is deemed to be unopposed, and it has merit. ISS will be ordered to respond to the discovery requests. The request for sanctions is denied.

2. Secorp/Entech's motion to compel ISS.

On November 17, 2008, Secorp and Entech served written discovery on ISS. Supplemental responses were served on March 18, 2009. Seacorp and Entech raise issues with certain of the supplemental responses.

In interrogatory no. 3 Entech asked "[d]id Rowan, Bisso Marine Company or any other Bisso entity specify that paramedics on the job in question be DMT certified?" Rec. doc. 218 at 6. If so, ISS was asked to identify the persons. ISS responded that it "did not receive any specifications from Bisso or any other entity for paramedics to be certified." Id. ISS contends that it did not answer "yes" and no further response is required. The answer called for a "yes" or "no" response. **In order to eliminate any ambiguity in the response, within five working days of the entry of this order ISS shall provide a supplemental response which either responds "yes" or "no."**

Counsel for ISS certified that to the best of his knowledge all documents responsive to the

requests were produced. No further response is required.

3.	ISS' motion for protective order.

Pursuant to Fed. R. Civ. P. 30(b)(6), Bradford noticed the deposition of ISS for April 3, 2009. Entect also noticed a Rule 30(b)(6) deposition of ISS for the same date. These notices were issued as part of a joint discovery plan. Shortly before April 3, 2009, counsel for ISS reported that a corporate representative would not appear. He reported that: (1) he could not communicate with Jason Dunnam, the president of ISS; (2) on April 1, 2009, he learned Dunnam's home was vacant; and (3) ISS may no longer be conducting business. Secorp and Entect sought an order compelling a ISS representative to testify. The motion was denied. Rec. doc. 230. The effect of this order was to grant ISS at least a two week delay of the deposition. Insofar as the motion seeks a delay of the deposition for two weeks, it is granted.

4.	Secorp's motion for sanctions.

Secorp and Entect filed a motion for sanctions against ISS for failure to appear at its corporate deposition on April 3, 2009. ISS was relieved of producing a corporate representative on April 3, 2009, so the request for sanctions must be denied in part. Secorp and Entect report that counsel for ISS appeared at the deposition but refused to answer two questions: (1) did you communicate to your client that the deposition was scheduled; and (2) if so, when did you tell them about the deposition. Counsel for ISS refused to answer on the ground that the information is protected from disclosure by the attorney-client privilege. Secorp, Entect, Bisso Marine Company ("Bisso") and Rowan Companies, Inc. ("Rowan") contend that the communications are not privileged. Rec. docs. 244 and 256.

ISS contends that, pursuant to Louisiana law, the communications are privileged. Rec. doc.

3

251. The plaintiffs filed this action under the Jones Act (46 U.S.C. § 688) and the General Maritime Law. Rec. doc. 1. Pursuant to Fed. R. Evid. 501, the issue of a privilege in this case is governed by federal law. The fourth element required for the presence of the attorney-client privilege is that it be made for the purpose of seeking, obtaining, or providing legal assistance to the client. Edna Selan Epstein, *The Attorney-Client Privilege and the Work-Product Doctrine*, A.B.A., Sec. of Lit. (5th Ed. 2007), p. 65. Counsel for ISS has not demonstrated that the communications concerning the scheduling of the deposition were made for this purpose. Such communications are more akin to billing records which are not protected from disclosure. Id. at 121-25.

**Within five (5) working days of the entry of this order, counsel for ISS shall produce for *in camera* inspection all documents which reflect any facts concerning (1) whether he communicated to his client that the deposition was scheduled; and (2) if so, when. The term "client" refers to ISS and not the insurer for ISS.** After the in camera inspection it will be determined whether any of the documents should be produced to the parties and whether counsel for ISS is required to answer the two questions posed to him at the deposition.

One of the sanctions sought by Secorp and Entech is an order barring Dunnam from testifying at the trial of the case. Counsel for ISS urges that Dunnam was not subpoenaed for the deposition so he should not be prevented from testifying at the trial. While it is premature to make such an order, it may be appropriate. At this point it appears that: (1) Dunnam is the president of ISS; (2) since sometime after January 1, 2009 and perhaps earlier, Dunnam was the only employee of ISS; (3) Dunnam was notified of the requirements of the joint discovery plan, the scheduling of the Rule 30(b)(6) deposition for April 3, 2009, the need for him to prepare to testify on the topics identified in the notices and the need to be present on April 3, 2009; (4) Bradford and Entect were

4

not required to serve ISS with a subpoena as it is a party; and (5) Dunnam failed to appear.

5.  Request by ISS to present a non-ISS employee as its corporate representative.

Counsel for ISS requested a continuance of the corporate deposition to identify and educate a willing person to serve as ISS's corporate representative. Rec. doc. 223 at 3. The parties were ordered to state their positions on this request. Rec. doc. 230. Secorp and Entect do not oppose the request. Rec. doc. 258. Bradford did not take a position on the issue. Bisso and Rowan oppose the request. Rec. doc. 256.

Fed. R. Civ. P. 30(b)(6) states that, "[t]he named organization must then designate one or more officers, directors, or managing agent, or designate other persons who consent to testify on its behalf. . . ." The parties agree that ISS is unable to designate an officer, director, or managing agent. Bisso and Rowan have no objection to it designating another person who consents to testify on its behalf. They urge, however, that counsel for ISS, who has no ability to communicate with it, may not make the designation. They do not cite any authority for the proposition that where a corporation is defunct and without an officer, director or managing agent to testify, counsel employed by its insurer to defend the corporation's interests cannot designate a person who consents to offer testimony which shall be binding on the corporation. In the absence of such authority, counsel for ISS will be permitted to designate a person to testify on its behalf.

IT IS ORDERED as follows:

1.  Bradford's motion to compel (Rec. doc. 213) is GRANTED in PART and DENIED in PART. **Within ten (10) working days of the entry of this order**, ISS shall respond to interrogatory no 3 and request for production no. 11 fully and in writing, in accordance with Federal Rules of Civil Procedure 33 and 34. All objections to the discovery requests, except

5

on the grounds of attorney-client privilege and work product doctrine, are deemed waived. Bradford's request for sanctions is denied.

2. Motion of Secorp and Entect for an order requiring ISS to respond fully to written discovery (Rec. doc. 218) is GRANTED in PART in accord with the terms of this order. **Within five (5) working days of the entry of this order ISS shall provide a supplemental response to interrogatory no. 3 which either responds "yes" or "no."**

3. Motion of ISS for a protective order to continue its Rule 30(b)(6) deposition (Rec. doc. 224) is GRANTED in accord with the terms of this order.

4. Motion of Secorp and Entect for sanctions (Rec. doc. 244) is GRANTED in PART and DENIED in PART in accord with the terms of this order. **Within five (5) working days of the entry of this order, counsel for ISS shall produce for *in camera* inspection all documents which reflect any facts concerning (1) whether he communicated to his client that the deposition was scheduled; and (2) if so, when did he tell his client about the deposition. The term "client" refers to ISS and not the insurer for ISS.**

5. The request by counsel for ISS to present a non-ISS employee as its corporate representative at the Rule 30(b)(6) deposition of ISS is GRANTED.

New Orleans, Louisiana, this 20th of April, 2009.

                                        **SALLY SHUSHAN**
                                 **United States Magistrate Judge**