UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAREN MCGRATH, ET AL | CIVIL ACTION |
| VERSUS | NO: 06-11413<br>Ref. 08-1475<br>08-4044 |
| CHESAPEAKE BAY DIVING, INC.,<br>ET AL | SECTION: "J" (1) |

**ORDER AND REASONS**

Defendant State National Insurance Company has filed a "Motion To Clarify" (Rec. Doc. 454) the Court's previous granting of a partial summary judgment in favor of its insured, 2-W Diving, Inc., finding that State National owed a duty to defend 2-W Diving in this case. Alternatively, State National seeks a Rule 54(b) certification of the court's order.

The actions of State National in this case have frustrated and perplexed the Court. First, the Court has searched but is unable to find a procedural device in the Federal Rules of Civil Procedure known as a "Motion to Clarify". The Court assumes that the defendant intended either a motion for new trial, or motion to alter or amend judgment, both of which are in fact found in the Federal Rules of Civil Procedure, Rule 59 and 60.

The underlying motion for partial summary judgment was thoroughly briefed and orally argued by the parties on August 5, 2009.  Following oral argument, the Court took the matter under advisement and allowed additional time for supplemental briefing on the issue of duty to defend.  On January 14, 2010, the Court issued an order granting partial summary judgment in favor of the insured, 2-W Diving, finding that State National owed its insured a duty to defend the claims asserted by Brian Bradford. (Rec. Doc. 440)   State National then filed a "Motion for Reconsideration" (Rec. Doc. 444), which the Court denied. (Rec. Doc. 445).   Following this denial, State National then filed a "Motion for Certificate of Appealability" (Rec. Doc. 447), which the Court denied. (Rec. Doc. 451)

On March 19, 2010 the Court conducted a telephone status conference with all counsel for the purpose of rescheduling a trial date in this case. During that telephone conference, counsel for State National questioned whether her client had been ordered to defend its insured.  The Court advised that its previous order was clear, and that no further explanation  was required.

Now, State National has restyled its motion as a "Motion to Clarify". The purpose of this motion is mystifying to the Court.

There is no need to "clarify" the Court's previous order which clearly and unequivocally stated that State National owes its insured a duty to defend the claims brought by Mr. Bradford.

Most reasonable persons do not continue to beat a dead horse. Counsel for State National apparently believes that if you simply change saddles, you can continue to ride the dead horse. Rule 11 (b) (1) permits an attorney or party to be sanctioned for filing a pleading or motion "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

The trial of this matter is scheduled to commence on July 6, 2010, and the Final Pretrial Conference is set for June 4, 2010. There is a mediation or settlement conference scheduled for May 17, 2010 with the assigned Magistrate Judge. At this point, the actions of counsel for State National appear to be designed to frustrate these scheduled dates, increase the cost of litigation and further delay the resolution of this case, which dates to 2006 and is one of the oldest active cases on the Court's docket.

Accordingly,

**IT IS ORDERED** that the "Motion to Clarify Partial Summary Judgment Ruling on the Duty to Defend & Alternative Motion for Rule 54(b) Certification" (Rec. Doc. 454) is **DENIED.**

**IT IS FURTHER ORDERED** that the parties and all counsel of record shall attend the scheduled settlement conference with Magistrate Judge Shushan on May 17, 2010 and shall participate in good faith. All remaining Motions in this case are **RESET** for hearing with oral argument on **June 2, 2010 at 9:30am.**

New Orleans, Louisiana this 29th day of April, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE